## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LaTOYA JACKSON, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| vs. | ) | |
| | ) | |
| TAYO REED'S PERFORMING ARTS | ) | |
| CENTER, Inc, and Tayo Reed. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW the Plaintiff La'Toya Jackson ("Plaintiff"), by and through her undersigned counsel, and files this Complaint as follows:

1.

Plaintiff brings this lawsuit against Defendants Tayo Reed's Performing Arts Center, Inc., ("TRPAC") and Tayo Reed ("Defendants") to recover unpaid contract wages, unpaid minimum wage, unpaid overtime pay, liquidated damages, prejudgment interest, costs, and attorneys' fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., theories of breach of contract and quantum meruit.

1

## Parties, Jurisdiction and Venue

2.

Plaintiff is a resident of Georgia who lives at 2215 Gables Dr. Atlanta, Georgia, 30319.

3.

Plaintiff was employed within this judicial district by Defendants as an administrative assistant, office manager, and assistant director during the period beginning around August 16, 2010 through about August 8, 2011 ("Relevant Period").

4.

Upon information and belief, TRPAC is a Georgia corporation, and may be served with process through its registered agent, Tayo Reed, at 6703 Shannon Parkway Suite 8 Union City, Georgia, 30296.

5.

Upon information and belief, Tayo Reed is the Chief Executive Officer, and Secretary of Tayo Reed's Performing Arts Center, Inc. and has directly and indirectly acted in the interest of Tayo Reed's Performing Arts Center, Inc. as an "employer" in relation to the Plaintiff as an employee of Tayo Reed's Performing Arts center, within the meaning of 29 U.S.C. § 203.

18682812.4

6.

Plaintiff is not an independent contractor and is an "employee" entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203, 206, and 207.

7.

Plaintiff is engaged in commerce under the FLSA by regularly using the instrumentalities of interstate commerce in her work (*e.g.*, regular and recurrent use of the mails, telephone or telegraph for interstate communication) and is therefore entitled to FLSA protection.

8.

This Court has jurisdiction over the claims in this civil action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216, 28 U.S.C. § 1367.

9.

Defendants reported that its principal place of business is located in this judicial district at 6703 Shannon Parkway Suite 8 Union City, Georgia, 30296.

10.

The acts and omissions that give rise to this action occurred in Fulton County, Georgia.  Venue is therefore proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b).

18682812.4

## Facts Related to All Counts

### 11.

As an administrative assistant, office manager, and assistant director, Plaintiff's general job duties, included but were not limited to: managing the studio (and staff); calculating payroll for staff; creating blogs, podcasts, and manage social media and marketing for the company; scheduling performances, and teaching dance classes; managing payment from parents; ordering dancewear, and maintaining records for dancewear; checking voicemails, returning calls, and she was responsible for maintaining the operations of the entire performing arts school subject to Tayo Reeds approval. Plaintiff's general job duties did not change even with the change in her title.

### 12.

Pursuant to the Independent Contractor Agreements (Exhibit A) ("Independent Contractor Agreements"), Defendants contracted to pay Plaintiff an hourly rate of $ 7.50 per hour during the Relevant Period. Pursuant to the "Bartering Services & Company Benefits" Agreement (Exhibit B) ("Bartering Agreement"), Plaintiff was required to work the "early hours of 11am to 1pm," assist with recital and performance dates, participate in open houses yearly, assist with fundraisers, stay late after scheduled time to work, advertise and promote the dance studio, and come in early, in exchange for one dance attire, receiving 50%

4

off all purchases, receiving all adult, PC and accelerated intensive classes free of charge, exempting Plaintiff from paying recital performance fees, receiving free recital costumes, and t-shirts.  Pursuant to the "La'Toya's Summer Schedule" Agreement (Exhibit C) ("Summer Agreement"), Defendants paid Plaintiff a fixed monthly salary for fluctuating hours in the amount of $800 for June 2011, and $800.00 for July 2011.

13.

Plaintiff worked a fluctuating work schedule, working between approximately 4 to 52.5 hours per week during the Relevant Period.

14.

Defendants improperly classified Plaintiff as an independent contractor and not an employee throughout the Relevant Period.

15.

Upon information and belief, a representative from Automatic Data Processing, Inc. ("ADP") informed Defendants that it had misclassified Plaintiff as an independent contractor yet Defendants did not re-classify Plaintiff as an "employee" within the meaning of the FLSA.

16.

Despite Defendants' knowledge of its misclassification, and underpayment of Plaintiff, Defendants have willfully violated the FLSA by not paying Plaintiff

minimum wage, and overtime compensation at the rate of one and a half times her regular rate for hours worked over forty during the Relevant Period.

17.

Upon information and belief, Defendants failed to keep records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the Relevant Period, as required by law.

18.

Defendants required Plaintiff to sign in with fixed work times Monday through Friday, and required another employee to sign in Plaintiff with fixed work times on Saturday.  Defendants deliberately disregarded the actual hours worked by Plaintiff and expressly stated that it would not compensate Plaintiff for any additional hours beyond the hours set by Defendants even if Plaintiff work additional hours. (Exhibit D)

19.

Tayo Reed is responsible for the operational control of TRPAC, including her involvement in day-to-day operations of the dance studio, and she is directly responsible for hiring, firing, setting terms and conditions of pay of all employees. Upon information and belief, Tayo Reed has 100% ownership interest in the dance studio, and is directly responsible for the financial affairs and financial well-being

6

of the corporation. Under the FLSA, Defendants are jointly and severally liable to Plaintiff.

## Count 1: FLSA Violations

20.

Plaintiff hereby incorporates by reference the proceeding allegations of this Complaint as if fully set forth herein.

21.

Defendants failed to pay Plaintiff overtime compensation owed to her under the FLSA for the hours she worked over forty in a work week, and minimum wage throughout the Relevant Period.

22.

Defendants' violations of the FLSA as alleged herein were willful.

23.

Plaintiff is entitled to recover overtime pay at a rate of one and a half times her regular rate for all hours worked over forty hours in a workweek during the Relevant Period, minimum wage, in addition to an equivalent amount as liquidated damages, prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

18682812.4

## Count II: Breach of Contract

### 24.

Plaintiff hereby incorporates by reference the proceeding allegations of this Complaint as if fully set forth herein.

### 25.

The Independent Contractor Agreements constitutes a binding and enforceable contract between Plaintiff and Defendants.

### 26.

Pursuant to the Independent Contractor Agreements, Defendants contracted to pay Plaintiff an hourly rate of $ 7.50 per hour between approximately August 16, 2010 through May 30, 2011.

### 27.

Plaintiff has fully and fairly performed all of the covenants, conditions, obligations and requirements to be performed by her under the Independent Contractor Agreements.

### 28.

Notwithstanding the Independent Contractor Agreements, Defendants failed to pay Plaintiff under the terms of the agreement for all hours worked by Plaintiff.

18682812.4

29.

By refusing to pay Plaintiff in accordance with the Independent Contractor Agreements, Defendants breached its contractual obligations to Plaintiff.

30.

As a direct and proximate result of the aforesaid breaches by Defendants, Plaintiff has suffered damages.

## **Count III: Breach of Contract**

31.

Plaintiff hereby incorporates by reference the proceeding allegations of this Complaint as if fully set forth herein.

32.

The Bartering Agreement is a binding and enforceable contract between Plaintiff and Defendants.

33.

Plaintiff has fully and fairly performed all of the covenants, conditions, obligations and requirements to be performed by her under the Bartering Agreement.

34.

Notwithstanding the terms of the Bartering Agreement, Plaintiff only received one dance attire outfit (valued at $49.00), Plaintiff never received 50% off

18682812.4

all purchases, Plaintiff also paid for staff t-shirts, Plaintiff only received one recital costume free of charge (valued at approximately $55.00 (with shipping)), and was only permitted to take limited dance classes valued at $105 per month.  Plaintiff was unable to benefit from additional dances classes as agreed because she was forced to work for the benefit of Defendants.

35.

By refusing to allow Plaintiff to receive the benefit of the bargain in accordance with the Bartering Agreement, Defendants breached its contractual obligations to Plaintiff.

36.

As a direct and proximate result of the aforesaid breaches by Defendants, Plaintiff has suffered damages.

**Count IV: Quantum Meruit**

37.

Plaintiff hereby incorporates by reference the proceeding allegations of this Complaint as if fully set forth herein.  Count Four is presented in the alternative to Court Three.

10

38.

At the request of Defendants, and with knowledge and consent, Plaintiff furnished services and labor for Defendants with the full expectation of receiving reasonable and equitable compensation during the early morning hours of Plaintiff's employment between Mondays and Saturday ("Morning Hours").

39.

Defendants knew of, acquiesced in, and accepted the services and labor by Plaintiff that were necessary and valuable to the operation of the dance studio, and such services and labor conferred substantial benefit upon Defendants.

40.

Defendants knew or should have known that Plaintiff tendered her services and labor for the benefit of Defendants with the expectation of being paid for the value of her work and labor during the Morning Hours. Defendants have not paid Plaintiff for the reasonable value of her services and labor that Plaintiff provided for Defendants during the Morning Hours.

41.

Under these circumstances, it would be unjust for Defendants to retain the benefit of the Plaintiff's services and labor during the Morning Hours without paying Plaintiff in full for the benefit that Plaintiff conferred upon Defendants.

18682812.4

42.

Plaintiff is therefore entitled to recover in quantum meruit from Defendants the reasonable value of Plaintiff's services that conferred a benefit upon Defendants, for which Plaintiff has not received payment.

43.

Plaintiff is also entitled to overtime compensation at a rate of time and a half for any hour worked over forty in a work week under the FLSA as specified in Count I of this Complaint.

## Count V: Attorneys' Fees

44.

Plaintiff hereby incorporates by reference the proceeding allegations of this Complaint as if fully set forth herein.

45.

Pursuant to O.C.G.A. § 13-6-11 and 29 U.S.C. § 216(b), Defendants are liable for all attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1.    Award Plaintiff her unpaid contracted wages, minimum wage, overtime pay at one and a half times her regular rate, an equivalent amount as

12

liquidated damages, prejudgment interest, and Plaintiff's costs, including court costs and attorneys' fees.

    2.    Grant such other relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted this 15th day of August, 2012.

/s/ Peter N. Farley
Peter N. Farley (GA Bar 255165)
SUTHERLAND ASBILL AND BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Telephone: 404.853.8000
Facsimile: 404.853.8806
peter.farley@sutherland.com

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that this document has been prepared using Times New Roman, 14 point type, which is one of the font and print selections approved by the Court in L.R. 5.1

This <u>15th</u> day of August, 2012

Respectfully submitted,

*/s/ Peter N. Farley*

Peter N. Farley (GA Bar 255165)
SUTHERLAND ASBILL AND BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Telephone: 404.853.8000
Facsimile: 404.853.8806
*peter.farley@sutherland.com*

18682812.4